# In the United States Court of Federal Claims

No. 10-629 C

(Filed September 20, 2010)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
| | |
|---|---|
| RICE SERVICES, INC., | \* |
| | \* |
| *Plaintiff*, | \* |
| | \* |
| v. | \* |
| | \* |
| THE UNITED STATES, | \* |
| | \* |
| *Defendant*. | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## SCHEDULING ORDER

Plaintiff filed a bid protest complaint in this court on September 17, 2010, in which it seeks a temporary restraining order, preliminary and permanent injunctive relief, and a declaratory judgment regarding a procurement conducted by the United States Department of the Air Force. Upon inquiry by the court, counsel for the parties indicated that the offerors in the disputed procurement had elected not to participate in a prior Government Accountability Office protest and although aware of the instant protest, had evidenced no intent to intervene before this court. The procurement is for mess attendant services at Langley Air Force Base, Virginia. The court held a telephonic status conference with counsel on September 17, 2010 to discuss a litigation schedule for the subject matter. Participating with the undersigned in the teleconference were:

      William R. Purdy, counsel for plaintiff;
      Steven M. Mager, counsel for defendant;
      John Bean, law clerk.

The parties agree that a protective order will be necessary in the instant suit. Defendant stated that some changes must be made to the court's standard bid protest protective order to adapt that order to this case. The court ordered that the

parties confer and agree to a draft protective order before defendant's proposed protective order is filed.

The parties agree that plaintiff's requests for injunctive relief should be resolved along with the merits of its challenge to defendant's mess attendant services procurement. The parties and the court set a schedule, which is memorialized below, for various filings and oral argument in order to permit the court to efficiently resolve plaintiff's claims in this suit. The schedule agreed to by the parties depends generally on the cooperation of the parties, and specifically on achieving consensus regarding the content of the administrative record, before that record is filed with the court.

The court notes that the expedited schedule set forth below addresses plaintiff's requests for relief as well as the Air Force's need for a prompt resolution of this bid protest. The Air Force has agreed to delay award of a mess attendant services contract through the solicitation challenged here until after November 22, 2010. Both parties must adhere to the schedule established by this order if the court is to render its decision that date. Plaintiff, in particular, must quickly resolve any impediments to its participation in the electronic filing system employed by the court.

Accordingly, it is hereby **ORDERED** that:

(1) Defendant's shall **FILE** its Motion for a Protective Order, including a proposed protective order draft, no later than **5:00 p.m. eastern time** on **September 22, 2010**;[1]

(2) Plaintiff's Motion for a Temporary Restraining Order, set forth on pages 16-17 of its complaint, is **DENIED** as moot;

(3) Defendant shall **FILE** the Administrative Record electronically or in CD-ROM format no later than **5:00 p.m. eastern time** on

---

[1] To assure that the court's protective order issues promptly, defendant's proposed protective order must be submitted to chambers in WordPerfect or Word format on the same day that it is filed electronically, with alterations to the court's standard order highlighted in the version emailed to the court. The email should be sent to bush_chambers@ao.uscourts.gov.

        **September 27, 2010**.  Defendant shall **DELIVER** two bound paper courtesy copies of the Administrative Record to chambers no later than **5:00 p.m. eastern time** on **September 28, 2010**;

(4)    Plaintiff shall **FILE** its Motion for Judgment on the Administrative Record no later than **5:00 p.m. eastern time** on **October 8, 2010**;

(5)    Defendant shall **FILE** its Cross-Motion for Judgment on the Administrative Record no later than **5:00 p.m. eastern time** on **October 22, 2010**;

(6)    Plaintiff shall **FILE** its reply/response to defendant's cross-motion no later than **5:00 p.m.**, **eastern time** on **October 29, 2010**;

(7)    Defendant shall **FILE** its reply no later than **5:00 p.m.**, **eastern time** on **November 5, 2010**;

(8)    Whenever briefing, including exhibits and attachments, causes an electronic filing to exceed thirty pages, the party shall **DELIVER** two paper courtesy copies of that filing to chambers by **5:00 p.m. eastern time** on the next day after the brief is filed; and

(9)    **Oral Argument** in this case shall be **HELD** on **Tuesday, November 9, 2010** at **2:00 p.m. eastern time** at the United States Court of Federal Claims, National Courts Building, 717 Madison Place, N.W., Washington, DC.  The location of the courtroom will be posted on the directory in the lobby.

                                    /s/Lynn J. Bush
                                    LYNN J. BUSH
                                    Judge